**UNITED STATES COURT OF APPEALS** October 29, 2012

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 12-5036 |
| v. | (D.C. No. 4:11-CR-00155-GKF-1) |
| | (N.D. Oklahoma) |
| LUIS ALBERTO MENDOZA-LOPEZ, aka Luis A. Mendoza, a/k/a Louis Mendoza Lopez, a/k/a Erik E. Montoya, | |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant, Luis Alberto Mendoza-Lopez, seeks to appeal his conviction and sentence following his plea of guilty to one count of illegally reentering the United States, after being previously deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). His appointed counsel, Scott A. Graham, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Mr. Mendoza-Lopez has not filed any response to that brief, and the government has declined to file a brief.[1] We therefore base our conclusion on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Mr. Graham that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

The record in this case provides no evidence as to the details of Mr. Mendoza-Lopez's conduct leading up to his conviction and sentence. It does show that, on November 3, 2011, he pled guilty, without a plea agreement, to the charge indicated above. A presentence report ("PSR") was prepared in anticipation of sentencing under the United States Guidelines Commission, Guidelines Manual ("USSG"). The PSR concluded that Mr. Mendoza-Lopez's

[1]Mr. Mendoza-Lopez was given many opportunities to respond to his counsel's Anders brief. After our court notified Mr. Mendoza-Lopez that his attorney had filed an Anders brief and gave him thirty days to respond, we extended the deadline because of concerns about the accuracy of Mr. Mendoza-Lopez's address. We obtained confirmation as to his correct address. After issuing deficiency notices and giving Mr. Mendoza-Lopez additional time to respond, he has failed to do so.

total adjusted offense level was 21, which, with a criminal history category of Category II, yielded a Guidelines sentencing range of 41 to 51 months.

Mr. Mendoza-Lopez did not make any objections to the PSR's calculations. Defense counsel did file a motion for a non-Guidelines variance on February 2, 2012. The district court found that the PSR correctly calculated the applicable Guidelines range, and sentenced Mr. Mendoza-Lopez to 45 months. Mr. Mendoza-Lopez's appointed counsel filed this appeal. As indicated, that counsel has now moved to withdraw as counsel pursuant to Anders.

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. Id. "On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.; see also United States v. Calderon, 428 F.3d 928 (10th Cir. 2005).

We agree with counsel that there is no non-frivolous basis for appeal. The modest record does not contain any reason to suspect that the district court improperly calculated Mr. Mendoza-Lopez's Guidelines range, and sentences that fall within this range are presumptively reasonable. United States v. Perez-Jiminez, 654 F.3d 1136, 1147 (10th Cir. 2011); United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam). Further, we conclude that there is no plausible argument that Mr. Mendoza-Lopez can overcome this presumption. We discern no other non-frivolous grounds for an appeal.

Because we are not presented with any meritorious grounds for appeal, we GRANT counsel's request to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge